PER CURIAM.
Richard Edward Jackson appeals the denial of his motion for postconviction relief in which he raised two grounds alleging newly discovered evidence. We affirm as to the claim that Jackson’s acquittal for witness tampering is not newly discovered evidence.[1] However, we reverse for consideration of Jackson’s claim that his co-defendant’s confession is newly discovered evidence.
Jackson was convicted by a jury of first-degree murder in 1977 and we affirmed his judgement and sentence in Jackson v. State, 359 So.2d 1225 (Fla.2d DCA 1978). Jackson now claims that he recently learned his co-defendant confessed to a fellow inmate in 1991 that he had framed Jackson for the murder. The trial court, in summarily denying the motion, failed to properly address this claim. The standard for granting a new *793 trial based on newly discovered evidence is that “the newly discovered evidence must be of such a nature that it would probably produce an acquittal on retrial.” Jones v. State, 591 So.2d 911 (Fla.1991). The court must evaluate the weight of both the newly discovered evidence and the evidence which was adduced at trial in order to make such a determination.
Therefore, we reverse and remand this cause for the trial court to consider the motion in accordance with the standard enunciated herein and evaluate all thé evidence accordingly. We direct the trial court, in its order, to refer specifically to parts of the record which support its conclusions and attach those portions to its order.
Reverse and remand.
RYDER, A.C.J., and THREADGILL and BLUE, JJ., concur.

. This claim was raised in Jackson's 1988 post-conviction relief motion and denied as an attempt to appeal the court's ruling on the admissibility of evidence. Issues that can or should be raised on appeal are not cognizable on motion for postconviction relief.